UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| DAVID A. HOELSCHER, ET AL. | CIVIL ACTION NO. 07-1546 |
|---|---|
| versus | JUDGE TRIMBLE |
| SAM H. BAGGETT, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is plaintiffs' appeal [R. 30] of a ruling by the magistrate judge denying plaintiffs' motion for disqualification of certain counsel. For the reasons expressed herein, this court finds that the ruling of the magistrate judge did not constitute legal error and was not contrary to applicable law. Accordingly, that ruling will be AFFIRMED.

I. BACKGROUND

  A.  Relevant Facts

This suit arises out of an aviation services business venture entered into by plaintiff David A. Hoelscher (hereinafter "Hoelscher") and defendant Sam H. Baggett (hereinafter "Baggett") called Transworld Aircraft, LLC (hereinafter "Transworld"), also a plaintiff here. Plaintiffs' suit alleges that Baggett and certain other defendants committed various wrongs against them including breach of contract, conversion of property and usurpation of business opportunities.[1]

---

[1] Complaint [R. 1].

1

Defendants are represented in this matter by Charles S. Weems, III (hereinafter "Weems"), among others, of the firm of Gold, Weems, Sues, Bruser & Rundell, APLC in Alexandria, Louisiana. Plaintiffs filed a motion to have Weems disqualified [R. 23] on the basis that Hoelscher previously employed Bradley Drell (hereinafter "Drell"), of the same firm, to represent him in the acquisition of certain assets from a bankruptcy sale (hereinafter "Pride Assets") which later became assets of Transworld. Plaintiffs assert that Drell's former representation makes Weems' current representation improper under the guidelines set forth by the United States Fifth Circuit Court of Appeals in In re American Airlines, Inc.[2].

Plaintiffs' motion came before the magistrate judge for hearing on March 4, 2008. After oral argument on the issue, the magistrate judge ruled that plaintiffs failed to demonstrate a "substantial relationship" between these two instances of representation such as would make Weems' representation of defendants improper under applicable law. Plaintiffs' motion was denied. Plaintiffs filed an appeal of this ruling [R. 30] which is now before this court.

### B.   Applicable Standards

Motions to disqualify are substantive motions affecting the rights of the parties and are appropriate means by which to bring conflict of interest or ethical breach issues before the court.[3] State and national ethics rules govern attorney conduct and are generally adopted, as here,

---

[2] 972 F.2d 605 (5th Cir. 1992).

[3] In re Dresser, Inc., 972 F.2d 540, 543 (5th Cir. 1992); Musicus v. Westinghouse Elec. Corp., 621 F.2d 742, 744 (5th Cir. 1980), citing E.F. Hutton & Co. v. Brown, 305 F. Supp. 371, 376 (S.D. Tex. 1969).

2

by the courts.[4] Relevant ethical standards include: "(1) the local rules for the Western District of Louisiana; (2) the American Bar Association's ("ABA's") Model Rules of Professional Responsibility; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct."[5] The application of these rules to each case, however, is a matter of federal law and is within the discretion of the district court.[6]

As announced by the United States Court of Appeal for the Fifth Circuit in In re American Airlines[7], district courts must consider the following questions in determining whether to grant or deny a motion to disqualify: (1) has the moving party demonstrated the existence of an actual attorney-client relationship between himself and the attorney he seeks to disqualify and (2) has the moving party demonstrated a "substantial relationship" between the former representation and the present representation?[8] The former representation and any advice or confidences exchanged does not need to be "'relevant' in the evidentiary sense to be 'substantially related.'"[9] "It need only be akin to the present action in a way reasonable persons would understand as important to the issues involved."[10] "[A] substantial relationship may be found only after the moving party delineates with specificity the subject matters, issues and

---

[4] See LR 83.2W, "Rules of Conduct," adopting the Rules of Professional Conduct of the Louisiana State Bar Association.

[5] Horaist v. Doctor's Hospital of Opelousas, 255 F.3d 261, 266 (5th Cir. 2001).

[6] In re American Airlines, Inc., AMR Corp., 972 F.2d 605, 610 (5th Cir. 1992).

[7] Id.

[8] Id., at 614.

[9] Id., at 619.

[10] Id.

causes of action common to prior and current representations and the court engages in a painstaking analysis of the facts and precise application of precedent."[11] The substantial relationship test is based on the attorney's continued duties of loyalty and confidentiality to his former clients and serves to protect not only the fairness of trials, but also the integrity of the attorney-client relationship.[12]

"Once it is established that the prior matters are substantially related to the present case, 'the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation.'"[13] "A second irrebuttable presumption is that confidences obtained by an individual lawyer will be shared with the other members of his firm."[14]

Even if the former and current representations are not shown to be substantially related, a former client may achieve disqualification of counsel by "'pointing to specific instances where it revealed relevant confidential information regarding its practices and procedures.'"[15]

A federal judge may refer to a magistrate judge, with enumerated exceptions, any pretrial matter pending before him.[16] Parties who object to any finding by the magistrate judge may file written objections thereto within ten (10) days of the issuance of the order in question.[17] The

---

[11] Id., internal citations/quotations omitted.

[12] Id., at 619.

[13] In re American Airlines, supra, 972 F.2d at 614, quoting Duncan v. Merrill Lynch, Pierce, Fenner & Smith, 646 F.2d 1020, 1028 (5th Cir. 1981).

[14] Id., at 614, n. 1.

[15] Id., at 615, quoting Duncan, supra, 646 F.2d at 1032.

[16] 28 U.S.C. § 636(b)(1)(A).

[17] Fed. R. Civ. P. 72(a).

district judge shall modify only such portions of the magistrate judge's order which he finds to be clearly erroneous or contrary to law.[18] In making this determination, the district judge may not consider arguments not previously heard by the magistrate judge on the original referred motion.[19]

## II. Analysis

Plaintiffs' appeal asserts that the magistrate judge incorrectly applied the two prong disqualification test described above. Specifically, plaintiffs claim that in reaching the decision that plaintiffs had not demonstrated a "substantial relationship" between the former and present representations, the magistrate judge failed to give proper consideration to the duty of loyalty to former clients which they argue is an important factor of this second prong.[20]

Defendants claim that Drell's former representation and Weems' current representation cannot be said to have a substantial relationship to one another because they involved unrelated issues and no advice was given which would be relevant to the present suit.[21] In essence, defendants' argument is that no loyalty or confidence would be breached by allowing Weems to continue in his current representation and plaintiff has not shown otherwise.

We have reviewed the briefs submitted on the original motion, as well as those submitted on this appeal. We note the absence of written reasons for ruling from the magistrate judge. Our review of the law and argument before us leads us to conclude that the magistrate's ruling is not

---

[18] Id.

[19] 8 Fed. Proc., L. Ed. § 20:205.

[20] Memorandum in support of motion [R. 30] at p. 2.

[21] Opposition to motion [R. 32] at p. 3.

clearly erroneous or contrary to law.

The briefs disclose that Drell's representation of Hoelscher was limited to facilitating the purchase of the Pride assets from the bankrupt business through the bankruptcy trustee. Hoelscher purchased these assets as an individual, not on behalf of any business and not in partnership with any of the defendants.[22] Hoelscher later formed Transworld with defendant Baggett and transferred the Pride assets into the ownership of Transworld.[23] Plaintiff's current civil suit alleges that defendants, including Baggett, committed various wrongs, including the unlawful transfer of these same assets into the ownership of yet another corporation. Plaintiffs assert that because the Pride assets were the subject of Drell's prior representation and are also involved in the current litigation, the magistrate judge erroneously concluded that no substantial relationship exists between these two representations. The court does not agree.

The initial acquisition of the Pride assets is not at issue in the current civil suit. Plaintiffs have failed to point to any issues, advice or confidences attendant to Drell's former representation which must be protected in order to preserve the integrity of any future trial in this case. Further, the court finds that plaintiffs have pointed only to a surface connection between these instances, which does not suffice to demonstrate the required relationship. Plaintiffs advocate a mechanical application of the Fifth Circuit's ruling in In re American Airlines, a result we find at odds with the court's intent therein. As the court pointed out, the purpose of the second prong of the disqualification test is not the avoidance of the appearance of impropriety, but the preservation of the attorney-client relationship and the attendant duty of

---

[22]Memorandum in support of motion to disqualify [R. 23] at p. 2.

[23]Id.

6

loyalty.[24] In this case, we find no facts or issues which would do damage to either. Accordingly, this court finds that the ruling of the magistrate judge denying plaintiffs' motion to disqualify should be affirmed.

Alexandria, Louisiana
April 15, 2008

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[24] In re American Airlines, supra, 972 F.2d at 616.