U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 0 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID A. HOELSCHER, ET AL. | CIVIL ACTION NO. 07-1546 |
| versus | JUDGE TRIMBLE |
| SAM H. BAGGETT, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion by defendant Freeman Holdings of Louisiana, LLC ("Freeman") to dismiss the above captioned action pursuant to Fed. R. Civ. P. 12(b)(1).[1] For the reasons expressed herein, this court finds that defendant's motion should be GRANTED and, accordingly, this action should be DISMISSED without prejudice.

I. BACKGROUND

A. Relevant Facts

Plaintiffs David A. Hoelscher ("Hoelscher") and Transworld Aircraft, LLC ("Transworld") filed this suit against defendants Sam H. Baggett ("Baggett"), Angel Marie Schwartz Baggett, Charles Elliot, Transworld Aircraft AEX, LLC, Sam Aviation, LLC and Freeman Holdings of Louisiana, LLC, d/b/a Million Air Alexandria (collectively "Defendants") on September 17, 2007 claiming damages resulting from defendants' alleged breach of fiduciary duty, usurpation of business opportunity, conversion of property by conspiracy and intentional

---

[1] R. 36.

1

infliction of emotional distress.[2]

Defendants filed the instant Rule 12(b)(1) motion to dismiss asserting a lack of complete diversity of citizenship among the parties as demonstrated by the pleadings. Specifically, defendants claim that plaintiff Transworld is considered to have the citizenship of each of its members: Hoelscher and Baggett. If, as alleged in plaintiff's complaint, Baggett is a Louisiana domiciliary, so is Transworld, they argue. Defendants claim that, under this reasoning, no diversity exists under 28 U.S.C. § 1332.

Plaintiffs refute this reasoning and allege that the citizenship of a limited liability company ("LLC") is more properly determined at the "entity level."[3] Plaintiffs cite a 2006 law review article[4] espousing the belief that LLCs are "more analogous to corporations than limited partnerships," making the reasoning of the U.S. Supreme Court in Carden v. Arkoma Associates[5] inapplicable for purposes of determining LLC citizenship.

### B. Applicable Standard

Fed. R. Civ. P. 12(b)(1) provides that the defense of lack of subject matter jurisdiction may be asserted by motion and is not waived if excluded from a party's responsive pleading. Federal courts are courts of limited jurisdiction and plaintiffs seeking redress therein must allege

---

[2] R. 1.

[3] R. 38 at p. 2.

[4] R. 38 at p. 3.

[5] 494 U.S. 185 (1990).

and, if challenged, prove the existence of federal jurisdiction over the matter at hand.[6]

28 U.S.C. § 1332 provides for the original subject matter jurisdiction of federal district courts in all civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest and is between citizens of different states.[7] Diversity among parties must be complete and, therefore, no plaintiff may have the same citizenship as any defendant.[8]

If plaintiffs fail to demonstrate complete diversity among parties, the action must be dismissed.[9]

## II. ANALYSIS

Defendant's motion asserts that, although the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has not addressed the question directly, an LLC possesses the citizenship of each of its members. In support of this argument, defendant cites a multitude of rulings from courts within the Fifth Circuit, including various divisions of the Western District Court, in which the citizenship of an LLC was determined using this method.[10]

Plaintiffs disagree, contending that the courts that have considered the issue have based their rulings on Carden v. Arkoma Associates, which concerned the citizenship of a limited

---

[6]Fed. R. Civ. P. 8(a); Margin v. Sea-Land Services, Inc., 812 F.2d. 973, 976 (5th Cir. 1987), citing Le Mieux Bros. v. Tremont Lumber Co., 140 F.2d 387, 389 (5th Cir. 1944) and Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc., 568 F.2d 1074, 1076 (5th Cir. 1978), cert. denied.

[7]Fed. R. Civ. P. 8(a)(1).

[8]Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Powell v. Offshore Navigation, Inc., 644 F.2d 1063 (5th Cir. 1981), cert. denied, 454 U.S. 972 (1981).

[9]Fed. R. Civ. P. 12(h)(3).

[10]R. 36-2 at p. 3.

partnership for purposes of diversity jurisdiction. Plaintiffs argue that an LLC is more akin to a corporation, making treatment as an unincorporated entity for citizenship purposes improper. Plaintiffs cite the dissenting opinion in <u>Carden</u>, espousing the view that only the citizenship of the real party to the controversy should be considered for diversity purposes.[11]

Neither the Fifth Circuit, nor the U.S. Supreme Court has ruled directly on the issue of what method should be used to determine the citizenship of an LLC. Louisiana law classifies an LLC as an "unincorporated association."[12] As pointed out by defendants, a vast majority of courts that have considered the issue have ruled that an LLC possesses the citizenship of each of its members because of its status as an unincorporated association. We decline to deviate from this method, finding that plaintiffs have failed to demonstrate that the reasoning of these many courts is inapplicable to the case at bar.

Plaintiffs ask this court to consider rulings from the Sixth, Tenth and Eleventh Circuits[13] which apply entity level analysis for the purpose of determining an LLC's citizenship. While we are certainly aware of these relatively few cases demonstrating a split between circuits, we do not find the reasoning of these cases more persuasive than that offered by many other courts, including the Western District Court itself. Moreover, we think the distinction between unincorporated and incorporated entities sufficiently important so as to warrant different

---

[11]R. 38 at p. 4.

[12]La. R.S. 13 § 1301(A)(10).

[13]R. 44 at p. 1, citing <u>Kalamazoo Acquisitions, LLC v. Westfield Ins. Co., Inc.</u>, 395 F.3d 338 (6th Cir. 2005); <u>Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc.</u>, 415 F.3d 1158, 1162 (10th Cir. 2005); <u>MacGinnitie v. Hobbs Group, LLC</u>, 420 F.3d 1234, 1237 (11th Cir. 2005); <u>Henderson v. Washington National Insurance Co.</u>, 454 F.3d 1278, 1280 (11th Cir. 2006).

treatment among them for the purposes of diversity. This view was shared by the U.S. Supreme Court in Carden, which expressly declined to extend entity level citizenship to entities beyond corporations.[14]

Plaintiffs' complaint clearly alleges that all defendants, including Baggett, are Louisiana domiciliaries and that Baggett is a member of plaintiff LLC, Transworld.[15] Accordingly, this court finds that no complete diversity exists because Transworld, a plaintiff, and Baggett, a defendant, are both Louisiana domiciliaries. Plaintiffs assert that it is possible that Baggett was not a Louisiana domiciliary at the time Transworld was formed, but the court finds that, even if is shown that Baggett was an Arkansas domiciliary at the time Transworld was formed, Transworld would also share that Arkansas citizenship for purposes of diversity, defeating subject matter jurisdiction in this forum.

### III. CONCLUSION

This court finds that no complete diversity exists among the parties to this suit and, accordingly, we lack subject matter jurisdiction over this matter according to 28 U.S.C. § 1332. In consideration of this finding, plaintiffs' suit must be dismissed without prejudice.

Alexandria, Louisiana
July 9, 2008

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[14] Carden, supra, 494 U.S. at 189.

[15] R. 1 at ¶¶2, 44.

5